UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                    Case No. 8:12-bk-06199-CPM

    MARTIN LITHOGRAPH, INC.,                      Chapter 11

        Debtor.
_____/

**ORDER DISQUALIFYING JUDGE AND**
**DIRECTING THE CLERK TO REASSIGN CASE**

THIS CASE came on for consideration on the Court's own motion for the purpose of considering the entry of an appropriate order. On May 17, 2012, I became aware for the first time that a creditor in this case is a close personal friend of mine. Although I am not genuinely concerned that this relationship would impact my ability to fairly and objectively preside over this case, I appreciate that the existence of this relationship might reasonably cause others to question my impartiality. Consequently, I find that it is appropriate to disqualify myself from this case under 28 U.S.C. § 455(a). *See e.g., In re Syntax-Brillian Corp.*, 400 B.R. 21 (Bankr. D. Del. 2009) (judge must recuse himself or herself even when there is only an appearance of bias, regardless of whether actual bias exists). Accordingly, it is

    **ORDERED** that:

    1. I am disqualified from conducting any further proceedings in this case.

    2. The Clerk is directed to reassign this case to another United States Bankruptcy Court Judge within the Tampa Division in accordance with Local Rule 1073-1(c)(1).

    **DONE AND ORDERED** on ___May 21, 2012___.

                                        **BY THE COURT**

                                        _____
                                        Catherine Peek McEwen
                                        United States Bankruptcy Judge